UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRENDON B., | ) |
| | ) |
|        *Plaintiff* | ) |
| | ) |
| v. | )    *No. 1:20-cv-00123-JDL* |
| | ) |
| ANDREW M. SAUL, | ) |
| *Commissioner of Social Security,* | ) |
| | ) |
|        *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Child's Disability Benefits (CDB) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the ALJ (i) relied on the testimony of a vocational expert (VE) at hearing that is unsupported by substantial evidence and (ii) failed to resolve a material evidentiary conflict between job numbers provided by the testifying VE and those set forth in a different VE's post-hearing affidavit. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 1, 4-9. I find no reversible error and, accordingly, recommend that the court affirm the decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff had not attained age 22 as of July 15, 2015, his amended alleged

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

onset date of disability, Finding 1, Record at 12; that he had the severe impairments of disorder of the muscle, ligaments, and fascia, and trauma and stressor-related disorder, Finding 3, *id*.; that he had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), except that, in an eight-hour workday, he could frequently push or pull at the light weight limits, occasionally use foot controls bilaterally, frequently climb ramps and stairs, never climb ladders, ropes, or scaffolds, occasionally crawl, never work in wetness, on uneven surfaces, at unprotected heights, or with dangerous moving machinery, and could perform simple routine tasks, tolerate occasional contact with the public, and adapt to routine changes in environment, Finding 5, *id*. at 17; that, considering his age (11 years old, defined as a younger individual, on his amended alleged disability onset date, July 15, 2015),[2] education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 23; and that he, therefore, had not been disabled from July 15, 2015, his amended alleged disability onset date, through the date of the decision, February 21, 2019, Finding 11, *id*. at 24-25.  The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

   The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the

---

[2] The plaintiff, born on January 8, 1999, *see* Finding 7, Record at 23, was 16 years old as of his amended alleged disability onset date, July 15, 2015.  However, nothing turns on the error.

conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff contends that the ALJ's Step 5 finding cannot stand because she adopted the testimony of a VE who provided minimal explanation for his job numbers – a problem heightened by her receipt of contrary post-hearing VE evidence calling those numbers into question. *See* Statement of Errors at 4-8. She separately seeks remand on the basis of the ALJ's asserted failure to resolve that material evidentiary conflict. *See id.* at 8-9. I find no reversible error.

### A. Relevant Background

During the hearing, the ALJ took testimony from VE Zachary T. Fosberg on which she relied at Step 5 to find the plaintiff capable of performing work existing in significant numbers in the national economy. *See* Record at 23-24. The ALJ queried at the outset whether the VE's "résumé in the file" was "a true description of [his] professional qualifications[,]" and the VE affirmed that it was. *Id*. at 60-61. The VE then testified that a hypothetical person with the RFC ultimately adopted by the ALJ could perform the representative jobs of inspector, *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed., rev. 1991) (*DOT*) § 559.687-074, with "approximately 40,000 jobs nationally[,]" sorter, *DOT* § 222.687-014, "with approximately 40,000

jobs nationally[,]" and assembler, *DOT* § 706.684-022, "with approximately 15,000 jobs nationally." *Id*. at 61-62.³

The plaintiff's attorney then cross-examined the VE, asking three questions bearing on job numbers before turning to other aspects of the VE testimony: "the source of [the VE's] job numbers[,]" whether the VE agreed that, although "there are multiple job titles at times in Job Browser Pro for a job[,] . . . the DOT Code is the controlling identifier[,]" and whether the three positions that the VE had identified were "still performed as they were when the DOT was last updated[.]" *Id*. at 62-63. In response to those questions, the VE testified that (i) his job numbers were "[b]ased on my professional knowledge and experience and utilizing Job Browser Pro[,]" (ii) he agreed that the *DOT* code was the controlling identifier, and (iii) the three positions identified were still performed in the same way as when the *DOT* was last updated. *Id*.

Post-hearing, the plaintiff's attorney submitted an affidavit of VE David W. Meuse, *see id.* at 278-280, in which Meuse stated that the job numbers provided by Fosberg were "unrealistically large," *see id.* at 278, ¶ 9. Meuse acknowledged that Fosberg "testified that he was relying on Job Browser Pro and his professional experience[,]" *id.* at 279, ¶ 9; however, he asserted that, "in [his] professional experience[,] to increase the numbers provided by Job Browser Pro more than 20-fold from 1,878 to 40,000" for the job of inspector and hand packager, from "8 to 40,000" for the job of garment sorter, and from "688 to 50,000" for the job of assembler, small products I was "not realistic[,] and the Job Browser Pro numbers themselves are much more accurate." *Id*. at 279-80, ¶¶ 9-11. He added that the assembler job as described in the *DOT* was sufficiently outdated that it "no longer exists in any substantial numbers [in] the United States." *Id*. at 279-80, ¶ 12.

The ALJ addressed the Meuse affidavit in her decision, explaining:

---

³ In her decision, the ALJ stated that Fosberg had testified that there were 50,000, rather than 15,000, assembler jobs in the national economy. *See* Record at 24. Nothing turns on the discrepancy.

4

> After hearing, counsel submitted an affidavit from David Meuse, a certified rehabilitation counselor[,] and while said document has been considered, the undersigned remains unpersuaded by counsel's repeated attempt; as he has submitted similar reports in other cases before this Agency, to refute the validity of evidence provided by testifying vocational experts. First, the undersigned is satisfied with the testifying [VE]'s qualifications and experience. Second, in response to questioning from counsel, the [VE] provided sufficient explanation as to the resources he used with regard to relevant and accurate statistics. The undersigned therefore finds that the [VE] "used established and heretofore reliable methods and data and formed his professional opinions consistent with the methodology and data that are not subject to further challenge until such time as either Congress or the Courts see fit to change them" (*see Babb v. Astrue*, (USDC Maine 20 December 2010, Lexis 137322)). Although Mr. Meuse indicated that there were significant problems with the job numbers cited by the testifying vocational expert, and that the positions cited no longer exist in significant numbers in the national economy, and the representative essentially argued that the [VE]'s testimony and job numbers are not reliable, the undersigned is not persuaded and overrules this objection. As the testifying [VE] has professional knowledge and experience in job placement, provided sufficient explanation as to the resources he used, used established and heretofore reliable methods and data, and testified that the jobs cited are a representative sampling, the undersigned finds the job information provided by Mr. Fos[]berg at hearing to be reliable.

*Id.* at 24 (citations omitted).

## B. Analysis

### 1. Challenge to ALJ's Reliance on VE Fosberg's Testimony

The plaintiff first contends that Fosberg's testimony cannot stand as substantial evidence that the jobs on which the ALJ relied exist in significant numbers in the national economy because Fosberg "provided minimal explanation and, to the extent that he used 'established and heretofore reliable methods and data', he altered the Job Browser Pro data upon which he claimed to rely beyond all recognition, *e.g.*, finding 40,000 rather than 8 Sorter jobs." Statement of Errors at 6 (quoting Record at 24).

He distinguishes *Babb*, the case cited by the ALJ, on the basis that *Babb* relied on *Pritchett v. Astrue*, No. 5:09-CV-144 (CAR), 2009 WL 4730326 (M.D. Ga. Dec. 4, 2009), in which a VE provided a fuller explanation of sources supporting his job numbers than did Fosberg. *See id.* at

5

6-7; *Babb v. Astrue*, No. 2:10-cv-49-DBH, 2010 WL 5465839, at *4 (D. Me. Dec. 29, 2010) (rec. dec., *aff'd* Feb. 16, 2011).  He asserts that the ALJ "not only did not, but could not, enumerate the ways in which Mr. Fosberg's testimony was reliable because [Fosberg] did not provide any substantive explanation[,]" distinguishing this case from *Brett J. v. Saul*, No. 1:19-cv-00270-DBH, 2020 WL 3567155 (D. Me. June 30, 2020) (rec. dec, *aff'd* Aug. 17, 2020), in which this court held that VE testimony served as substantial evidence at Step 5, and aligning it with *Travis H. v. Saul*, 1:19-cv-00374-NT, 2020 WL 5819535 (D. Me. Sept. 30, 2020) (rec. dec., *aff'd* Nov. 20, 2020), and *Pate v. Saul*, Civil Action No. 19-cv-11594-PBS, 2020 WL 3105075 (D. Mass. June, 11, 2020), in which this court and the United States District Court for the District of Massachusetts, respectively, held that it did not.  *See id*. at 7-8.

    I am unpersuaded.  A VE's testimony can serve as substantial evidence of job numbers without supporting data or elaboration on the manner in which the numbers were derived.  *See, e.g., Biestek v. Berryhill*, 139 S. Ct. 1148, 1155-57 (2019) (declining claimant's request to adopt a categorical rule that a VE's testimony can serve as substantial evidence absent a claimant's request for supporting data but not if a claimant's request for such data is refused); *Pressey v. Berryhill*, No. 2:16-cv-00425-JDL, 2017 WL 2731308, at *6-7 (D. Me. June 25, 2017) (rec. dec. *aff'd* Aug. 28, 2017) (ALJ supportably relied on VE's job numbers testimony when, although VE stated that he relied on data from Bureau of Labor Statistics, which reports numbers for groups of jobs rather than individual ones, he elsewhere indicated that he had also relied on his professional experience).

    The ALJ asked Fosberg at the hearing to confirm that his resume on file was an accurate statement of his professional qualifications, *see* Record at 60, and explained in her decision that he had "professional knowledge and experience in job placement, provided sufficient explanation as to the resources he used, [and] used established and heretofore reliable methods and data," *id*.

at 24. Neither *Babb* nor *Pritchett* indicates that the ALJ's reliance was misplaced. In *Babb*, this court rejected the claimant's argument that a VE's "opinion was not 'reliable' because he did not bring to the hearing the records upon which he relied in reaching his conclusions so that the attorney for the [claimant] could review the records and question him about their contents." *Babb*, 2010 WL 5465839, at *4 (citations omitted). And, while the ALJ whose job numbers were challenged in *Pritchett* provided a more detailed explanation than did the ALJ here, the *Pritchett* court did not hold that this was the minimum level of detail required. *See Pritchett*, 2009 WL 4730326, at *6 (citing authority for the proposition that a "VE's testimony was sufficiently credible when he identified the sources he generally consulted to determine such figures").

Nor do *Brett J.*, *Travis H.*, and *Pate* tilt the scales in the plaintiff's favor. As the commissioner argues, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 14) at 3-5, in this case, as in *Brett J.*, the plaintiff's attorney's failure to press the VE at hearing concerning the manner in which he arrived at the job numbers at issue undermines the plaintiff's bid for remand on this basis, *see Brett J.*, 2020 WL 3567155, at *4 (when "[t]he [claimant]'s representative did not make a request of [the VE] at hearing for the underlying data supporting his assertion that his testimony was based in part on his experience[,]" the VE's testimony could "stand as substantial evidence in support of the ALJ's vocational findings even though [the VE] did not elaborate on the manner in which his experience supported that testimony"); *see also, e.g., Kristina D. B. v. Berryhill*, No. 1:18-cv-00088-JHR, 2019 WL 1407407, at *6 ("There is an expectation that counsel will . . . explore concerns with the [VE] at the hearing, not leave such matters to technical challenges before the courts.") (citation and internal quotation marks omitted).

Finally, as the commissioner also contends, *see* Opposition at 6-7, *Travis H*. and *Pate* are distinguishable. In both, "the issue . . . [wa]s whether the record reflect[ed] a sufficient foundation for the [VE]'s opinion that . . . stand/walk limitations reduce[d] by one-half the available jobs in each job category identified by the expert." *Travis H*., 2020 WL 5819535, at *5; *Pate*, 2020 WL 3105075, at *5. As the *Travis H*. court clarified, "even assuming an adequate foundation to support the initial numbers for each job (i.e., before any reduction for the stand and walk limitations), the record lacks an adequate foundation for the expert's testimony regarding the reduction by one-half of the number of available jobs for each of the identified jobs." *Travis H*., 2020 WL 5819535, at *6. No such issue is present here.

Remand, accordingly, is unwarranted on the basis of this first point of error.

## 2. Challenge to Rejection of VE Meuse's Affidavit

The plaintiff next asserts that remand is warranted because the ALJ failed to resolve the evidentiary conflict between the Fosberg testimony and the Meuse affidavit, rejecting the latter solely on the basis that she was satisfied with Fosberg's qualifications. *See* Statement of Errors at 8-9. He reasons that, in this case, as in *Pate*, remand is warranted because the ALJ "failed to consider evidence that the [vocational] testimony was either flawed or incomplete for the reasons set forth in the Meuse affidavit." *Id*. at 9 (quoting *Pate*, 2020 WL 3105075, at *8). He distinguishes *Brett J*., in which this court held that the ALJ had "squarely addressed the Meuse affidavit[,]" on the bases that the ALJ in that case relied on more detailed testimony of the VE concerning his professional experience and identified an inaccuracy in the Meuse affidavit, whereas, in this case, the ALJ did not and could not point to such detail and made no substantive comment on the Meuse evidence. *Id*. at 8 (quoting *Brett J*., 2020 WL 3567155, at *4).

The commissioner counters that the ALJ indeed squarely considered the Meuse affidavit, supportably resolving the conflict in vocational evidence by choosing to credit Fosberg's testimony. *See* Opposition at 8-12. I agree.

Both Fosberg and Meuse indicated that they based their job numbers in part on Job Browser Pro and in part on their professional experience. *See* Record at 62-63, 278-79 ¶¶ 9-11. The ALJ observed that the Meuse affidavit had been submitted to refute the validity of Fosberg's evidence but that she was satisfied with Fosberg's qualifications and experience as well as his "sufficient explanation," in response to the plaintiff's counsel's inquiry at hearing, concerning "the resources he used with regard to relevant and accurate statistics." *Id*. at 24.[4] She explained that she, therefore, was unpersuaded by Meuse's indication that "there were significant problems with the job numbers cited[.]" *Id*. In so doing, she squarely addressed and resolved the evidentiary conflict.

As a general matter, this court defers to an ALJ's resolution of such conflicts – a core function of an ALJ. *See, e.g., Rodriguez*, 647 F.2d at 222 ("The Secretary may (and, under his

---

[4] At oral argument, the plaintiff's counsel took issue with the commissioner's partial reliance on Fosberg's resume, *see* Opposition at 5 & n.2, 8, which he contended was an impermissible *post hoc* rationalization because the ALJ did not mention the resume in discussing Fosberg's testimony. *See Day v. Astrue*, No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D. Me. Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013) (Pursuant to the rule of *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker.") (citation and internal quotation marks omitted). In a similar vein, he argued that because the ALJ described Fosberg as having testified "that the source of her [sic] job numbers is Job Browser Pro[,]" Record at 24, she did not rely on his knowledge or experience in crediting his testimony over Meuse's statements. I find no *Chenery* violation. In stating that she was "satisfied with [Fosberg's] qualifications and experience[,]" *id*., the ALJ alluded, *inter alia*, to his resume. An ALJ is presumed to have considered materials of record, *see, e.g., Chapman v. Colvin*, No. 1:16-cv-00231-JDL, 2016 WL 7441609, at *3 (D. Me. Dec. 26, 2016) (rec. dec., *aff'd* Feb. 10, 2017), and, in any event, the ALJ asked Fosberg whether his resume was still current, indicating she had read it, *see* Record at 60-61. Fosberg's resume indicates that he possesses a bachelor of science degree in rehabilitation and disability studies, a master of education degree in rehabilitation counseling, is a certified rehabilitation counselor, and has worked since 2016 in a position as a vocational rehabilitation consultant in which he performs "job analyses, labor market surveys and analysis of workforce numbers, to determine the availability of jobs[.]" *Id*. at 270. The passage in which the ALJ described the source of Fosberg's job numbers as Job Browser Pro seemingly is a scrivener's error; it does not accurately reflect Fosberg's testimony. In any event, it is not part of the ALJ's discussion of the Meuse affidavit. In that discussion, the ALJ clarified that because Fosberg had "*professional knowledge and experience in job placement*, provided sufficient explanation as to the *resources* he used, used established and heretofore reliable methods and data, and testified that the jobs cited are a representative sampling," she found his job information reliable. *Id*. at 24 (emphasis added).

regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."); *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec., *aff'd* July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand."). The plaintiff makes no compelling case to do otherwise here.

First, an ALJ need not necessarily identify weaknesses in a competing VE's post-hearing affidavit in order to credit the testimony of the VE present at hearing. *See, e.g., Zaragoza v. Saul*, 474 F. Supp. 3d 378, 384 (D. Mass. 2020) (ALJ supportably rejected Meuse's post-hearing affidavit when, "[i]n crediting the testimony of [the testifying VE] over that of Meuse, the ALJ relied upon [the testifying VE's] knowledge, expertise and prior experience" and "included Meuse's opinion as an exhibit to his decision and discussed his findings before rejecting them in favor of" those of the testifying VE).

Second, to the extent that the plaintiff relies on *Travis H.* and *Pate*, those cases are distinguishable for the reasons discussed above. Third, and finally, to the extent that the plaintiff suggests that Fosberg did not adequately explain the manner in which he relied on his professional knowledge and experience in addition to Job Browser Pro, the plaintiff's attorney did not follow up on that issue at hearing, as discussed above.

Remand, accordingly, is unwarranted on the basis of this second point of error.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 12th day of May, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge